7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Wade WALTERS, Jr., Defendant-Appellant.
 No. 92-6607.
 United States Court of Appeals, Sixth Circuit.
 Sept. 7, 1993.
 
 Before: BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Larry Wade Walters, Jr., appeals his sentence arising from his guilty plea to conspiracy to commit bank robbery, armed bank robbery, and carrying a firearm during a criminal offense. Defendant contends that the district court improperly applied the United States Sentencing Guidelines ("USSG") to arrive at his 151-month term of imprisonment. For reasons stated herein, we AFFIRM.
 
 
 2
 On July 24, 1992, defendant robbed the Cherokee Valley Bank of Cleveland, Tennessee, while carrying a handgun. A short time after the robbery, defendant was observed in his automobile by Bradley County Sheriff's Deputy James Hammond. While attempting to escape from Hammond, defendant fired two shots at Hammond's car. Defendant then pulled into a scenic viewing area where he saw a couple standing near their parked car. At gunpoint, defendant forced the man to walk toward his car. Before he could escape, however, Hammond and other law enforcement officials arrived and arrested defendant.
 
 
 3
 In return for defendant's guilty plea, the government agreed to ask the court to dismiss one count against defendant at the time of sentencing. A presentence report was completed and disclosed to defendant and the government. Defendant filed a number of objections to the report, but raised only two at the sentencing hearing. Defendant objected to the following: (1) the assessment of three additional levels under USSG § 3A1.2(b) for assaulting a law enforcement officer; and (2) the language in the presentence report which indicated that the defendant attempted to abduct two individuals at the scene of his arrest. In written objections, defendant also contested the addition of seven levels for discharge of a firearm. However, at the beginning of the sentencing hearing, defendant abandoned that objection.
 
 I.
 
 4
 "Where a sentence was within the applicable guideline range, it is appealable only upon the grounds that it was imposed in violation of the law, or that it was imposed as a result of an incorrect application of the sentencing guidelines." United States v. Chalkias, 971 F.2d 1206, 1218 (6th Cir.1992), cert. denied, 113 S.Ct. 351 (1992). This court will only find an abuse of discretion when it is convinced that a mistake has been made in the sentence calculations. See United States v. Williams, 952 F.2d 1504, 1518 (6th Cir.1991).
 
 
 5
 Although defendant contends that his sentence was imposed in violation of the law or as an incorrect application of the guidelines, he offers no proof to support his assertions. Defendant's base offense level was correctly calculated as 20. Two levels were added because the bank was a financial institution, three levels were added because the defendant put Hammond at risk of serious bodily harm, and seven levels were added because defendant fired the weapon during the course of the offense. Defendant was also given a three-level reduction for acceptance of responsibility. In addition, the district court considered the aggravated nature of the offense, the use of a weapon, and the taking of a hostage to support its sentence of the maximum imprisonment within the applicable guideline range (121-151 months).
 
 II.
 
 6
 Defendant specifically contests the three-level enhancement for placing Hammond at "a substantial risk of serious bodily injury." Section 3A1.2(b) provides for an increase in the base level if:
 
 
 7
 During the course of the offense or immediate flight therefrom, the defendant ..., knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury.
 
 
 8
 Defendant admitted firing at Hammond, but stated that he had no intent to harm the officer. Nevertheless, defendant knowingly created a "substantial risk of serious bodily injury" by firing at Hammond. As defendant failed to present any evidence to the contrary, the district court reasonably relied on Hammond's testimony to support the base offense level upward adjustment. Thus, the three-level enhancement was not clearly erroneous. See United States v. Wilson, 954 F.2d 374 (6th Cir.1992) (clearly erroneous standard).
 
 III.
 
 9
 Finally, as defendant advised the court that he no longer had an objection to the seven-level enhancement made pursuant to USSG § 2B3.1(b)(2)(A), he is now precluded from raising this issue on appeal. United States v. Hamilton, 689 F.2d 1262, 1275 (6th Cir.1982), cert. denied, 459 U.S. 1117 (1983).
 
 IV.
 
 10
 For the foregoing reasons, defendant's conviction and sentence are AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation